The court charged the jury that it was proper for them to receive the declarations of the plaintiff, connected with the other circumstances, to ascertain the loss; and upon this evidence the jury found a verdict for the plaintiff: and a new trial was moved for on the ground of misdirection of the court as to the evidence.
Question: Was it proper to receive the declarations of plaintiff, connected with other circumstances, to prove the loss of the notes? If proper, judgment for plaintiff; if not, a new trial to be granted; otherwise, not.
The only point submitted to this Court is whether it was proper to admit the declaration of the plaintiff, together with other circumstances, to prove the loss of the notes; and we are all of opinion *Page 245 
that it was, for we hold that in all cases where the acts of a person can be given in evidence for him, that his declarations in relation to such acts must necessarily be admitted, as in the case of a claim, demand, or tender; for in the first two cases it is the declaration which constitutes
the act, and in the latter they form part of it. What these "other circumstances" were does not appear in the case, but in answer to the general question stated, it is easy to state a circumstance (317) proper to be connected with the declaration. Such, for instance, as that the party was seen with his friends and servants diligently searching the road. It not appearing to us, therefore, that these declarations were improperly admitted, we can see no reason for disturbing the verdict. Rule discharged.
NOTE. — See Jones v. Young, 18 N.C. 352; Askew v. Reynolds,ibid., 367; Davis v. Campbell, 23 N.C. 482.
Cited: Reel v. Reel, 8 N.C. 269.