We are of opinion that a new trial should be granted, because the declarations of the alleged testator were rejected. What weight they might have had with the jury it is not our province to decide; but, coming from a source not interested to declare anything but the truth, and not affecting the rights of others (for no one here could have an interest in the will), we are at a loss to perceive any solid grounds for their rejection, as the ascertainment of truth is the object of all trials.
The reasons assigned by the presiding judge are, in our opinions, entirely insufficient, although he is supported by two decisions in our sister States. When declarations of a party are offered in behalf of the person making them, on the ground of their being a part of the res gestae, it is when some of his acts are offered in evidence against him; and in order that the jury may view the whole transaction, what he says when he does the act is also to be heard, the declarations, being in law a part of the act itself.
But the declarations of a person affecting the rights of others
can afford no rational ground of conviction that such declarations are true. To receive them in the case first put, when they affect only the party who makes them, and to reject them when they affect the rights of others, is conformable to the (268) object of all trials — the ascertainment of truth.
To our minds, to reject the declarations of the only person having a vested interest, and who was interested to declare the truth, whose fiat gave existence to the will, and whose fiat could destroy, and, in doing the one or the other, could interfere with the rights of no one, involves almost an absurdity; and (with due deference to the opinions of those who have decided to the contrary, we say it) they are received, not upon the ground of their being a part of the res gestae, for whether they accompany an act or not, whether made long before or long after making the will, is entirely immaterial to their competency. Those circumstances only go to their weight or credit with the tribunal which is to try the fact, and the same tribunal is also to decide whether the declarations contain the truth or are deceptive, in order to delude expectants and procure peace.
The English books are full of cases where the declarations of *Page 135 
the testator were received, and without any objection as to theircompetency; generally the question being as to their weight. In Pembertonv. Pemberton, 13 Ves. Jun., 290, before two successive chancellors, the declarations of the party at various times were received; so in Warner v.Matthews, 4 Ves. Jun., 186. Nor is it an objection that in some of the cases it was not a question on the probate of a will, the will having already been proved in the spiritual court; but in cases where relief was sought under the will, the relief was objected to, because the complaint claimed under a will irregularly obtained. As was urged at the bar in this case, if the declarations of the testator were competent to be heard in the Court of Chancery to prevent relief being afforded under the will, they were competent to be heard on the issue devisavit vel non, the establishment of the truth being the object in each case.
For these reasons, and those given by Judge Spencer, (269) who, together with Judge Tompkins, dissented from the opinion of the Court, and because of the doubt which rested for some time on Judge Livingston's mind, we think we are bound to disregard the opinion of a majority of the Court in 2 Johns., 31, and also the case in 1 Gallison, 170. And, indeed, we have only to read the case in Johnson to cause us to pause long before we adopt a rule which, by its operation, would palm upon the world the writing there under consideration as the will of the deceased.
I am aware that some part of the reasoning in this case, although not important to a correct decision of the cause, impugns the case of Shenk v.Hutcheson, 4 N.C. 315. I then thought both the act and the declarations stood on the same ground, and that a weak prop was given to the declarations by making them part of the res gestae. Both or neither should have been received. A man's acts which he can perform are as much within his power as his words; in each case he was making evidence for himself. For these reasons, we think, there should be a New trial.
Cited: Howell v. Barden, 14 N.C. 444, 448; Patterson v. Wilson,101 N.C. 597; In re Burns' Will, 121 N.C. 338; Evans will case,123 N.C. 117; In re Shelton's will, 143 N.C. 221;Linebarger v. Linebarger, ib., 233. *Page 137